IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITEDHEALTH GROUP, INC., <br><br> individually and on behalf of similarly situated health plans, <br><br> Plaintiffs, <br><br> v. <br><br> GLAXOSMITHKLINE LLC and GLAXOSMITHKLINE HOLDINGS (AMERICAS) INC., <br><br> Defendants. | C.A. No. 11-3925 |

**PLAINTIFF UNITEDHEALTH
GROUP, INC'S MOTION FOR REMAND AND
AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

Petitioner UnitedHealth Group, Inc. ("UnitedHealth") seeks (for a second time) expedited remand to Pennsylvania Common Pleas Court of United Health's Praecipe to Issue Writ of Summons for the Purpose of Taking Pre-Complaint Interrogatories (the "Writ"). On April 18, 2011, this Court, following well-established Third Circuit precedent, remanded the action after Defendant's first improvident removal, holding that removal was premature, because a complaint had not yet been filed. Defendants GlaxoSmithKline LLC and GlaxoSmithKline Holdings (Americas) Inc. (collectively, "GSK") removed the Writ the first time solely to avoid answering United Health's two (2) interrogatories, which were about to become due. Following remand and a hearing on United Health's motion to compel those answers, GSK once again removed to avoid the state court's inevitable and imminent order compelling them to answer the same two interrogatories. The action should be remanded at once. Furthermore, in light of the frivolous

{2295 / MOT / 00108382.DOC v5}

nature of this second removal, UnitedHealth seeks its costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c).

## ARGUMENT

I.  **Until A Complaint Is Filed, A Writ Cannot Be Removed to Federal Court, as This Court Has Already Ruled**

On December 30, 2010, UnitedHealth filed a Praecipe to Issue Writ of Summons and Pre-Complaint Interrogatories in the Philadelphia Court of Common Pleas. (Attached as Exhibit A to Notice of Removal [Dkt. No. 1].) The two interrogatories asked GSK to identify all Avandia and Paxil claimants who have sued, signed tolling agreements, or settled claims with GSK. GSK's responses to the interrogatories were due on January 31, 2011. On January 28, 2011, GSK removed the action to federal court.[1] On February 2, 2011, UnitedHealth moved for remand, and the motion was fully submitted February 25, 2011. On April 18, 2011, this Court granted the motion for remand, holding:

> [I]in light of the Court of Appeals for the Third Circuit holding that a writ of summons is not an 'initial pleading' subject to removal under 28 U.S.C. §1446(b), and noting that Plaintiff only filed a writ of summons and pre-complaint interrogatories in the Philadelphia County Court of Common Pleas, the Court finds that Defendant's removal of this case was premature.

*United Health Group Inc. v GlaxoSmithKline*, 11-cv-620, April 18, 2011 Order (E.D. Pa.) [Dkt. No. 9] (citing *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214 (3d Cir. 2005)).[2]

---

[1] *United Health Group Inc. v GlaxoSmithKline*, 11-cv-620, Notice of Removal, January 28, 2011 [Dkt. No. 1].

[2] In its April 18 decision, this Court also cited to other "federal district courts in Pennsylvania which have considered the issue of premature removal have held, relying upon *Sikirica*, that the right to removal is not triggered until a complaint is filed." *United Health Group Inc. v GlaxoSmithKline*, 11-cv-620, April 18, 2011, Order at 1 n. 1 [Dkt. No. 9] (citing *Lane v. CBS Broadcasting, Inc.*, 2008 WL 910000 (E.D. Pa. April 2, 2008); *Mulrine v. Air Contact Transp., Inc.*, 2006 U.S. Dist. LEXIS 64652 (E.D. Pa. September 11, 2006); *Gardner v. State Farm Fire & Cas. Co.*, 2007 U.S. Dist. LEXIS 53540 (W.D. Pa. July 24, 2007)).

Following remand, on April 21, 2011, UnitedHealth filed a motion in the state court to compel GSK to answer the two interrogatories. Judge Bernstein held a hearing on the motion on May 16, 2011.[3]

On June 15, 2011, GSK re-removed the pre-complaint writ to this court, for the same obstructive purpose—to stall pre-complaint discovery that it expected the state court to order.[4] As a matter of law this second removal is no different than the first, other than that, in light of the first remand and removal it is vexatious. Plaintiff has still "only filed a writ of summons and pre-complaint interrogatories." No complaint—the required "initial pleading"—has been filed. In its April 18, 2011 order, this Court could not have been clearer: "Defendant may re-file its notice of removal within thirty days <u>of service of the complaint</u> in the state court action." *Id.* at 1 n. 3 (emphasis added). By removing this case for a second time, GSK has ignored this Court's straightforward admonishment in a transparent effort to obstruct the processes of the state court. The Court should remand the action immediately to the Philadelphia Court of Common Pleas.

## II. The Court Should Assess Fees and Expenses Against GSK Due to its Improper Second Removal

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." The test is an objective one—whether the defendant had a reasonable basis under the facts and law for removing the case to Federal court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005) ("[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."). This Court has

---

[3] Judge Bernstein requested supplemental briefing from both parties to be filed on May 27, 2011.

[4] On June 16, 2011, Judge Bernstein entered an order granting in part the motion to compel GSK to answer the two interrogatories.

offered pertinence guidance on the issue: "The Third Circuit has approved the exercise of this discretion to award fees where the substantive basis for the removal petition was frivolous or insubstantial, or where the removing party acted in bad faith, though these factors are not essential." *Fosnocht v. Demko*, 438 F. Supp. 2d 561, 565 (E.D. Pa. 2006) (citing *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996)).[5]

The black-letter law in the Third Circuit is that only the filing and serving of a complaint can trigger the removal time period: "a writ of summons alone can no longer be the 'initial pleading' that triggers the 30-day period for removal" under Section 1446(b).[6] *Sikirica*, 416 F.3d at 222-23. The case law, including this Court's April 18, 2011 order, is directly on point.

Last week, at a hearing before this Court on another motion, GSK argued that UnitedHealth's representations at the May 16, 2011 hearing before Judge Bernstein "elucidate[d] the causes of action they seek to advance both in their summons and in their pre-suit discovery, are on the basis of a class action which confers jurisdiction on this Court." Tr. of Hearing on Prelim. Inj. at 9, *Motley Rice, LLC, et al v. SmithKline Beecham Corporation*, 11-cv-3808, June 16, 2011 (E.D. Pa) [Dkt. No. 5]. Not only is it irrelevant whether the objective of plaintiff's pre-suit discovery is to plead claims for relief individually or on behalf of a potential class (the choice of which remains in UnitedHealth's discretion and depends in large part upon what the discovery reveals), but GSK was aware from the initial filing of the Writ that UnitedHealth sought pre-complaint discovery to support a potential class action.

---

[5] "Congress intended [§ 1447(c)] to serve remedial, not punitive, purposes." *Shrader v. Legg Mason Wood Walker, Inc.*, 880 F.Supp. 366, 368 (E.D. Pa. 1995).

[6] "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the <u>initial pleading</u> setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b) (emphasis added).

First, UnitedHealth's initial Praecipe to Issue Writ of Summons was captioned as "UnitedHealth Group, Inc. individually and on behalf of similarly situated health plans." Second, in its January 28, 2011 Notice of Removal, GSK spent four pages of its brief arguing that the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), gave this Court subject matter jurisdiction and permitted removal. Section II of that brief was titled, "This Court has Federal Jurisdiction Under the Class Action Fairness Act," and discussed at length the requisite CAFA elements. For GSK to claim that only after the May 16, 2011 hearing before Judge Bernstein did it became aware that UnitedHealth was seeking pre-complaint discovery on a class basis is disingenuous.

Where, as here, it is abundantly clear that the state court has proper and sole jurisdiction, an award of attorneys' costs and fees is warranted. *See Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996) (affirming the awarding of attorneys' fees when "there was no colorable basis for the removal"); *Fosnocht v. Demko*, 438 F. Supp. 2d 561 (E.D. Pa. 2006); *Eyal Lior v. Sit*, 913 F. Supp. 868 (D.N.J. 1996) (costs and attorneys' fees appropriate when removal improper on three grounds).

In its initial Motion for Remand, UnitedHealth did not seek costs and attorneys' fees. However, a second removal on virtually the same grounds, where the status quo has not changed, is wholly vexatious. Other courts have granted attorney's fees and costs in similar circumstances for a baseless second removal. *See McPhatter v. Sweitzer*, 401 F. Supp. 2d 468, 479 (M.D.N.C. 2005) (granting costs and attorneys' fees in part because "Defendants support for the Second Removal was weak, and was not substantially different from that offered by Defendants in support of the first removal"); *Scialo v. Scala Packing Co., Inc.*, 821 F. Supp. 1276 (N.D. Ill. 1993) (ordering defendant to pay plaintiff's costs of second unsuccessful removal attempt).

## CONCLUSION

Petitioner UnitedHealth, Inc.'s Motion to Remand should be given expedited consideration and GRANTED with an award of costs and attorneys' fees, in an amount to be determined by the Court, to be borne by the Defendant or their attorneys.

Dated: June 24, 2011

          Respectfully Submitted,

          LOWEY DANNENBERG COHEN & HART, P.C.

    By: /s/ Richard W. Cohen
        Richard W. Cohen
        Peter D. St. Phillip
        Gerald Lawrence
        Uriel Rabinovitz
        One North Broadway, Suite 509
        White Plains, New York  10601
        Telephone:    (914) 997-0500
        Facsimile:     (914) 997-0035

RAWLINGS & ASSOCIATES, PLLC
Mark D. Fischer
Jeffrey C. Swann
Robert Griffith
One Eden Parkway
LaGrange, KY 40031-8100
Telephone:    (502) 5 87-1279
Facsimile:     (502) 584-8580

***Attorneys for Plaintiffs UnitedHealth Group, Inc.,
   and the Class***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITEDHEALTH GROUP, INC., <br><br> individually and on behalf of similarly situated health plans, <br><br> Plaintiffs, <br><br> v. <br><br> GLAXOSMITHKLINE LLC and GLAXOSMITHKLINE HOLDINGS (AMERICAS) INC., <br><br> Defendants. | C.A. No. 11-3925 |

### ORDER

**AND NOW**, this _____ day of _____, 2011, upon review and consideration of Plaintiff UnitedHealth Group, Inc.'s Motion to Remand and an Award for Attorneys' Fees and Expenses, it is hereby ORDERED that Plaintiff's Motion is **GRANTED**. This civil action shall be **REMANDED** back to the Philadelphia County Court of Common Pleas.

The Clerk of Court is **DIRECTED** to mark this case CLOSED for statistic purposes. **IT IS SO ORDERED.**

BY THE COURT:

_____
CYNTHIA M. RUFE, J.

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2011, I filed and served through the court's ECF system a true and correct copy of the foregoing Plaintiff UnitedHealth Group, Inc.'s Motion to Remand and an Award for Attorneys' Fees and Expenses. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

/s/ PETER D. ST. PHILLIP
Peter D. St. Phillip
Richard W. Cohen
Gerald Lawrence
Uriel Rabinovitz
One North Broadway, Suite 509
White Plains, New York  10601
Telephone:   (914) 997-0500
Facsimile:    (914) 997-0035