IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITEDHEALTH GROUP, INC.,<br><br>individually and on behalf of similarly situated health plans,<br><br>Petitioner,<br><br>v.<br><br>GLAXOSMITHKLINE LLC and GLAXOSMITHKLINE HOLDINGS (AMERICAS) INC.,<br><br>Respondents. | CIVIL ACTION<br><br>Docket No. 11-3925 |

## PETITIONER UNITEDHEALTH GROUP'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO REMAND AND AN AWARD OF ATTORNEYS' FEES

Petitioner, UnitedHealth Group, Inc., ("UnitedHealth"), hereby files this Reply Memorandum of Law in Further Support of its Motion to Remand and an Award of Attorneys' Fees in response to Respondent GlaxoSmithKline, LLC's ("GSK") July 11, 2011 Opposition to Plaintiff UnitedHealth Group Inc.'s Motion for Remand and an Award of Attorneys' Fees and Expenses [Dkt. No. 5] ("*GSK Brf.*").

### ARGUMENT

The introduction to its opposition to remand GSK is telling. It argues that in order to "safeguard the resolution of settled cases" and the "confidentiality agreements established in the MDL" this action belongs in federal court. *GSK Brf.* at 1. Needless to say, equity is not a replacement for subject matter jurisdiction. Third Circuit case law stands squarely against GSK's position.

{2295 / MOT / 00108699.DOC v3}   1

GSK recycles the same failed arguments it made previously.[1] There is only one case cited in GSK's opposition brief for its removal argument that GSK had not argued in the previous brief.[2] The only significant difference between the arguments put forth in GSK's first removal and GSK's second removal is that this Court has already once considered and rejected GSK's position.

### A. As this Court Ruled the First Time, Third Circuit Law is Clear on this Issue.

In removing the writ for a second time, GSK again ignores Third Circuit precedent that holds unequivocally that a praecipe for a writ of summons is not an "initial pleading" necessary to trigger the right to removal under § 1446(b).[3] *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 222-23 (3d Cir. 2005) ("a writ of summons alone can no longer be the 'initial pleading'" under § 1446(b)). In a futile attempt to distinguish *Sikirica*, GSK argues that removal cannot be premature when it is easily determinable that there is federal jurisdiction. *GSK Brf.* 5-7. If that argument sounds familiar to the Court, it is because this Court addressed it head on when it ordered remand the first time around:

> Defendant argues that where federal jurisdiction is clear, removal cannot be premature, and that *Sikirica* and § 1446 set *deadlines* for removal but do not address when the right to removal accrues. However, federal district courts in

---

[1] *See UnitedHealth Group, Inc. v. GlaxoSmithKline, LLC*, 11-cv-620, Opposition to Plaintiff UnitedHealth Group Inc.'s Motion for Remand, February 22, 2011, Dkt. No. 4 (E.D. Pa.)

[2] In its opposition to an award of attorneys' fees GSK does cite some cases not cited to in its February 22, 2011 opposition to remand, but that is attributed to the fact that UnitedHealth did not seek attorneys' fees in its first Motion for Remand.

[3] In creating the right of removal, Congress expressly required that a defendant file a notice of removal under 28 U.S.C. § 1446(a) within the specified time parameters set forth in 28 U.S.C. § 1446(b). Section 1446(b), by its plain terms, permits removal only when a defendant files its notice of removal *after* it receives "the initial pleading":
> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b) (emphasis added).

> Pennsylvania which have considered the issue of premature removal have held, relying upon *Sikirica*, that the right to removal is not triggered until a complaint is filed. *See, Lane v. CBS Broadcasting, Inc.*, 2008 WL 910000 (E.D. Pa. April 2, 2008); *Mulrine v. Air Contact Transp., Inc.*, 2006 U.S. Dist. LEXIS 64652 (E.D. Pa. September 11, 2006); *Gardner v. State Farm Fire & Cas. Co.*, 2007 U.S. Dist. LEXIS 53540 (W.D. Pa. July 24, 2007).

*United Health Group Inc. v GlaxoSmithKline*, 11-cv-620, April 18, 2011 Order n. 2 (E.D. Pa.) [Dkt. No. 9] (emphasis in original).

GSK attempts to avoid the "initial pleading" requirement of § 1446(b), by claiming that the statute only addresses when a defendant's deadline for filing a notice of removal is triggered, not when the right to removal first accrues. *GSK Brf.* at 4-5. Section 1446(b), however, sets a thirty-day window that has not yet been opened here: "within thirty days after the receipt by the defendant . . . of a copy of the initial pleading." Under *Sikirica*, the removal period begins with receipt of an "initial pleading," a requirement that the Third Circuit has held cannot be satisfied by a praecipe for a writ of summons. The Court should remand this action again.

### B. An Award of Attorneys' Fees and Expenses is Both Warranted and Necessary

GSK's patent neglect of both Third Circuit precedent and this Court's previous ruling on the exact same issue warrants the award of attorneys' fees and costs under 28 U.S.C. §1447(c).[4] Notably, GSK has announced in its opposition brief that it will "shortly remove" to this Court yet another praecipe for a writ of summons filed by another insurer in *Humana Health Plan, Inc. v. GlaxoSmithKline LLC*, July Term 2011, No. 3270, Philadelphia Court of Common Pleas. *GSK Br.* at 3 n. 6. An award of attorneys' fees and costs will hopefully persuade GSK and its counsel to stop filing frivolous removal petitions.

### CONCLUSION

---

[4] Petitioner respectfully refers the Court to its Motion for Remand and an Award of Attorneys' Fees and Expenses at 3-5 [Dkt. No. 4] for an analysis on why an award of attorneys' fees and costs is warranted.

For the stated reasons, Petitioner UnitedHealth Group, Inc.'s motion to remand should be granted without delay with an award of costs and attorneys' fees, in an amount to be determined by the Court, to be borne by the Respondent or its attorneys.

Dated: July 15, 2011

                                                LOWEY DANNENBERG COHEN & HART, P.C.

                                                By:   **/s/ Peter D. St. Phillip**
                                                     Richard W. Cohen
                                                     Peter D. St. Phillip
                                                     Gerald Lawrence
                                                     Uriel Rabinovitz
                                            One North Broadway, Fifth Floor
                                            White Plains, New York 10601
                                            Telephone:    (914) 997-0500
                                            Facsimile:     (914) 997-0035
                                            E-Mail: pstphillip@lowey.com

RAWLINGS & ASSOCIATES, PLLC
Mark D. Fischer
Robert Griffith
One Eden Parkway
LaGrange, KY 40031-8100
Telephone:    (502) 5 87-1279
Facsimile:     (502) 584-8580

***Attorneys for Petitioner UnitedHealth Group, Inc.***